In re COLLINS.

No. 2582.

Court of Customs and Patent Appeals.
Feb. 11, 1931.

Ira L. Nickerson, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Primary Examiner denying claims 5, 6, 8, 9, 10, 11, and 14 for an alleged invention relating to improvements in portable or hand tools of the power driven type, adapted for rotating a working tool at high speed.

Claims 5 and 11 are illustrative. They read:

"5. A portable fluid-pressure tool comprising a housing having a crank shaft journaled therein, a cylinder housing secured to said crank housing and having cross head guides extending within the latter, a transmission housing secured to said first named housing having a bearing for said shaft, and a spindle rotatably mounted in said transmission housing in substantial alignment with the perpendicular bisector of the axes of said guides and in substantial parallelism with said shaft."

"11. A portable fluid-pressure tool comprising a casing having juxtaposed parallel cylinders, pistons in said cylinders operating a crank shaft within said casing, a housing secured to said casing, said shaft projecting into said housing and being journaled therein, a spindle rotatably mounted in said housing in substantial coincidence with the center line of said casing which if extended would

pass between said shaft and said cylinders, a bearing in said casing for the inner end of said spindle, and means within said housing for transmitting the rotation of said shaft to said spindle."

The reference is:

Whitelaw, 791,847, June 6, 1905.

It is claimed by appellant that he has reconstructed the tool disclosed in the reference into a more compact device, having greater simplicity, balance, and symmetry; that, by eliminating many of the parts disclosed in the reference, he has constructed a tool of greater strength and reliability; that the Whitelaw disclosure does not remotely suggest the modified structure disclosed in appellant's application; and that, due to its compactness, simplicity, balance, symmetry, greater strength, and reliability, appellant's alleged invention has gone into extensive use and is a success both mechanically and commercially.

The tribunals of the Patent Office rejected the involved claims on the ground that appellant had merely used one-half of the mechanism disclosed in the reference, that is, he had omitted two of the four cylinders and their "operatively connected parts," and had also slightly changed the position of the spindle, as shown in the reference, so that it is centrally disposed in relation to the tool; that, by omitting the two cylinders and their "operatively connected parts," appellant had done nothing more than omit them and their functions; and that changing the position of the spindle required nothing more than the exercise of mechanical skill. In this connection, the Board of Appeals said:

"Claim 11 states that the spindle is in substantial coincidence with the center line of the casing. We believe this to be true in Whitelaw. Certainly it is located centrally of the casing as viewed in Figure 13. If it be located too far to the right as viewed in Figure 8 to give the proper balance to the device, we see no invention in shifting it slightly to the left from the position there shown. The lower bearings for the crank shafts in the reference are deemed the full equivalent of appellant's lower bearings. This claim is deemed unpatentable over the Whitelaw device as disclosed.

"All of the claims on appeal have been rejected on Whitelaw on the theory that appellant has merely used but one half of the actuating mechanism disclosed in the reference and accordingly has shifted his spindle laterally so that it will be directly beneath the se-lected pair of vertically arranged cylinders. Appellant contends that it is not obvious how the Whitelaw device could be modified in the manner suggested by the examiner and especially so in view of the complicated valve arrangement located between the cylinders. He further urges that it would be more logical to split the Whitelaw device along a horizontal central plane, retaining a pair of horizontally arranged cylinders, rather than in the manner suggested by the examiner.

"In the Whitelaw device the parts have merely been duplicated. If one pair of the vertically arranged cylinders were omitted, as suggested by the examiner, one of the crank shafts would be omitted and the valve 67, or 68, which admits the fluid to this pair of cylinders would also be omitted. We believe that it clearly would be non-inventive to omit these duplicated parts and certainly if they were omitted it would not be patentable to shift the spindle sidewise as viewed in Figure 13 so that it would still be vertically beneath the retained cylinders considered as a group."

We agree with the conclusion reached by the tribunals of the Patent Office, and the decision of the Board of Appeals is affirmed.

Affirmed.